UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDELL STUART,<br><br>    Petitioner,<br><br>    v.<br><br>S. SHERMAN, Warden,<br><br>    Respondent. | Case No. 16-cv-06073 NC (PR)<br><br>**ORDER TO SHOW CAUSE** |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner has paid the filing fee. For the reasons that follow, the court dismisses one claim, and orders respondent to show cause why the petition should not be granted.

## BACKGROUND

According to the petition, after a jury trial, petitioner was convicted of second

---

[1] Petitioner has consented to magistrate judge jurisdiction. Dkt. No. 3.

degree felony murder in Alameda County Superior Court. Petitioner was sentenced to a term of 16 years to life in state prison. The California Court of Appeal affirmed, and the California Supreme Court denied a petition for review. Petitioner has also filed several unsuccessful state habeas petitions. Petitioner filed the instant federal petition on October 20, 2016.

## DISCUSSION

A. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

B. Petitioner's Claims

Petitioner claims that: (1) the parole board denied him equal protection of the law when it refused to calculate petitioner's prison term, in violation of the stipulation in *In re Butler*, 236 Cal. App. 4th 1222 (2015), and (2) petitioner's conviction is unconstitutional as void for vagueness pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015). The court orders respondent to show cause why the petition should not be granted as to these claims.

Petitioner also claims that he was denied due process because he was prosecuted

Case No. 16-cv-06073 NC (PR)
ORDER TO SHOW CAUSE

2

under the felony murder law, even though felony murder is not established in the California Penal Code.  This court is bound by the state's interpretation of its own laws, *see Bradshaw v. Richey*, 546 U.S. 74, 76 (2005), and the state's highest court is the final authority on the law of that state, *see Sandstrom v. Montana*, 442 U.S. 510, 516-17 (1979).  The California Supreme Court has determined that the second degree felony murder rule, although derived from common law, is based on a statute, and thus, is valid.  *People v. Sarun Chun*, 45 Cal. 4th 1172, 1181-1188 (2009); *see also McMillan v. Gomez*, 19 F.3d 465, 470 (9th Cir. 1994) ("[C]alifornia's felony murder rule is not an evidentiary shortcut to finding malice, but a rule of substantive law establishing a first degree murder penalty for murders which occurred in the course of committing another felony . . . . [petitioner's] intent, which the prosecution must still prove, relates to the other felony rather than the murder.").  Accordingly, this claim is DISMISSED.

## CONCLUSION

For the foregoing reasons:

1. The Clerk of the Court is directed to serve a Magistrate Judge jurisdiction consent form, a copy of this Order, and the petition, and all attachments thereto, on respondent and respondent's attorney, the Attorney General of the State of California.  Respondent shall file his Magistrate Judge jurisdiction consent form no later than **thirty (30) days** from the filing date of this Order.

2. Respondent is directed to file with the court and serve on petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein.  Respondent must file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues

Case No. 16-cv-06073 NC (PR)
ORDER TO SHOW CAUSE

3

presented by the petition.

If petitioner wishes to respond to the answer, she must do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of the date the answer is filed.

3. Respondent may file, within **sixty (60)** days, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner must file with the court and serve on respondent an opposition or statement of non-opposition within **twenty-eight (28)** days of the date the motion is filed, and respondent must file with the court and serve on petitioner a reply within **fourteen (14)** days of the date any opposition is filed.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: February 13, 2017

NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 16-cv-06073 NC (PR)
ORDER TO SHOW CAUSE

4