UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDELL STUART,<br><br>    Petitioner,<br><br>    v.<br><br>S. SHERMAN,<br><br>    Respondent. | Case No. 16-cv-06073-EMC<br><br>**ORDER OF DISMISSAL**<br><br>Docket Nos. 8, 12 |

Wendell Stuart filed this action for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge both his conviction and a recent parole decision. First, Mr. Stuart challenged his 1981 murder conviction, claiming that his right to due process was violated because the felony murder rule on which his conviction rests is impermissibly vague under the reasoning of *Johnson v. United States*, 135 S. Ct. 2551 (2015). Second, he challenged a 2015 decision by the Board of Parole Hearings (BPH), claiming that he was denied equal protection of the laws when the BPH refused to calculate his term after denying parole for him. (Calculating the term refers to setting the base term, i.e., determining the expected number of months of imprisonment for a murder by referring to a matrix of listed circumstances, *see* 15 Cal. Code Regs. § 2282 *et seq*., and then making adjustments for other factors.)

Respondent filed two motions to dismiss this action. In the first motion to dismiss, Respondent argued that the petition failed to allege facts sufficient to show entitlement to federal habeas relief; the challenge to the BPH decision was not cognizable in a federal habeas action because it was based on a state court settlement agreement rather than federal law; and the challenge to the 1981 conviction was time-barred, procedurally defaulted, and a second or successive petition. Mr. Stuart opposed that motion to dismiss and shortly thereafter was paroled

from prison. In the second motion to dismiss, Respondent argued that the petition's challenge to the BPH decision was now moot because Mr. Stuart had been released on parole on May 25, 2017. Mr. Stuart did not oppose that motion to dismiss. Two of the reasons for dismissal argued by Respondent are dispositive: the petition is a second or successive petition with respect to the challenge to the 1981 conviction, and the petition is moot with respect to the challenge to the BPH decision. Dismissal is required.

<u>Challenge to 1981 Conviction and Sentence</u>: The petition is not Mr. Stuart's first federal habeas petition concerning his 1981 murder conviction. Instead it is his fourth such petition. In 1985, Mr. Stuart filed a petition under 28 U.S.C. § 2254, claiming that his right to due process was violated by a jury instruction error at the trial. *See Stuart v. Vasquez*, Case No. C 85-6086 SW/DLJ. That petition was denied on May 28, 1987. In 1990, Mr. Stuart filed a second petition under 28 U.S.C. § 2254, claiming that he was denied counsel during an interrogation and that the trial court admitted improper hearsay evidence. *See Stuart v. Ylst*, Case No. C 90-0008 JPV. That petition was dismissed in 1990, after Mr. Stuart failed to file an amended petition as ordered by the court. Mr. Stuart filed his third petition under 28 U.S.C. § 2254, on October 23, 1995, claiming that he was improperly convicted of felony murder during a simple kidnapping, he was denied a fair trial due to the admission of certain evidence of another killing; cumulative error; and ineffective assistance of appellate counsel. *See Stuart v. Kernan*, Case No. C 95-3744 EFL. That petition was dismissed on April 2, 1996, as an abuse of the writ (i.e., a violation of the rule against piecemeal presentation of claims in multiple habeas petitions). Both this Court and the United States Court of Appeals for the Ninth Circuit denied a request for a certificate of probable cause, thus bringing that case to a close in 1996.

A second or successive petition may not be filed in this court unless the petitioner first obtains from the United States Court of Appeals for the Ninth Circuit an order authorizing this court to consider the petition. 28 U.S.C. § 2244(b)(3)(A).

Mr. Stuart has not obtained an order from the Ninth Circuit permitting the filing of a second or successive petition. This court will not entertain a new petition from Mr. Stuart until he first obtains permission from the Ninth Circuit to file such a petition. Insofar as this action

1 challenges the 1981 conviction and sentence, this action is DISMISSED without prejudice to Mr.

2 Stuart filing a petition in this court after he obtains the necessary order from the Ninth Circuit.

If Mr. Stuart wants to attempt to obtain the necessary order from the Ninth Circuit, he should file an "Application For Leave To File Second Or Successive Petition" in the Ninth Circuit (at 95 Seventh Street, San Francisco, CA 94103). A copy of the form application is enclosed with this order for his convenience.

<u>Challenge to 2015 BPH Decision</u>: As mentioned earlier, Mr. Stuart's petition also challenged the 2015 BPH decision, as he contended that his right to equal protection was violated when the BPH refused to calculate his term. Mr. Stuart urged that the BPH was required to calculate the term of any parole candidate, regardless of whether he was found suitable for parole.

Because it is undisputed that Mr. Stuart was released on parole in May or June 2017, the petition for a writ of habeas corpus challenging BPH's 2015 decision not to calculate his term must be dismissed as moot. *See Fendler v. United States Bureau of Prisons*, 846 F.2d 550, 555 (9th Cir. 1988) (habeas challenge to denial of parole will become moot if petitioner is released on parole before court considers petition); *see also Burnett v. Lampert*, 432 F.3d 996, 999-1001 (9th Cir. 2005) (finding habeas petition still moot after petitioner violated parole and was reincarcerated).

For the foregoing reasons, Respondent's motions to dismiss are GRANTED and this action is dismissed. Docket Nos. 8 and 12. Insofar as the petition challenges the 1981 conviction, the petition is a second or successive petition for which permission must be obtained from the Ninth Circuit before this Court can entertain it. Insofar as the petition challenges the 2015 BPH decision, the dispute has become moot due to Mr. Stuart's release on parole.

///
///
///
///
///
///

3

A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: September 19, 2017

_____
EDWARD M. CHEN
United States District Judge